IN THE MATTER OF THE PETITION OF THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, RESPONDENT, TO APPRAISE CERTAIN REAL ESTATE OF GEORGE R. W. WOLFE, APPELLANT.

*Report of commissioners to appraise damages — power of the court at Special Term to direct a rehearing on the ground that proper notice of the hearings before the commissioners was not given.*

Upon an application to confirm the report of commissioners, appointed to appraise the damages occasioned by the taking of land for railroad purposes, the court at Special Term has power to refuse to confirm the report and direct a rehearing, upon the application of a land owner who shows that he has not received proper and adequate notice of the meetings of the commissioners, and that by reason thereof he has been absent therefrom.

APPEAL from an order of the Erie county Special Term, confirming the award of the commissioners appointed to determine the compensation to be paid for the taking of the lands of the appellant, for the use of the petitioner's railroad, said land being located in the city of Buffalo.

The railroad company presented its petition to the Supreme Court on the 30th day of August, 1881, for the appointment of commissioners, of which Wolfe, the land owner, had due notice.

On that day three commissioners were appointed, and the 19th day of October, 1881, was named as the day for the first meeting of the commissioners. It is recited in the report of the commissioners that they did meet on that day, but it is not stated therein that they adjourned the proceedings to any subsequent day, and the report bears date on the 10th of November, 1881.

It is stated in the report that Mr. Wheeler appeared before the commissioners at their first meeting as the counsel for the railroad company. But is is not stated that Mr. Wolfe, or anyone in his behalf, appeared at that time.

It is recited in one of the concluding paragraphs of the report that upon the adjourned day, without stating when or where, Mr. Wolfe did appear and give evidence in his own behalf. The commissioners returned the minutes of the testimony taken before them, from which it appears that on the twenty-fourth day of October four witnesses were called and sworn as to the value of the premises sought to be condemned.

There is a memorandum in these minutes that the proceedings were adjourned to the tenth day of November, at the office of the counsel for the petitioner, and on that day it appears that Mr. Wolfe did appear, and was sworn and examined in his own behalf, and gave evidence as to the value of the premises. Subsequently, and on the 31st day of January, 1882, and on notice to Mr. Wolfe, the petitioner presented the report of the commissioners, at a Special Term of the Supreme Court of the county of Erie, and asked for its confirmation. On that day Mr. Wolfe appeared by his attorney and opposed the confirmation of the report, and asked to have the proceedings remitted to the commissioners, that further proof might be given as to the value of the property, and that better justice might be done to him as to the amount of damages.

In his affidavit it is stated that he did not appear before the commissioners at any time prior to the tenth day of November, the day upon which the report was signed and delivered; that the proofs presented by the petitioner were presented in his absence; that he went to the place appointed for the first hearing, but nothing was done on that day, and on the fourth of November he was notified of the meeting that was to be held on the tenth day of November, at the office of the petitioner. That at the meeting on the tenth of November he was not aware what proceedings were to be had, and that he was wholly unacquainted how such matters were to be conducted, and was not informed, prior to that time, that the railroad company had taken any evidence in the proceedings, and that on that occasion he was sworn, and some questions were asked him as to his own opinion concerning the value of the property. Accompanying his own affidavit, Mr Wolfe presented the affidavits of several other parties, who gave their own opinion of the value of the property, which was much above the sum awarded by the commissioners. The petitioner did not present any affidavits in contradiction of the facts contained in the affidavits presented by the land owner.

In the order of confirmation it is recited that the railroad company was heard upon the application by Mr. Wheeler, its attorney, and that the affidavits presented by Mr. Wolfe were read and filed, and that Mr. Wadsworth was heard in opposition to the confirmation. It is also further recited in the order that the court held that it had no power or discretion to refer the matter back to the commissioners,

but that it must affirm said report, and order the same to be in all things ratified and confirmed.    From this order Mr. Wolfe appeals.

· *George Wadsworth*, for the appellant.

*Theodore F. Welch*, for the respondent.

BARKER, J. :

. In disposing of this appeal, we shall regard the proceedings on the part of the railroad company, to condemn the lands of Mr. Wolfe, as in all respects regular, from the time they were initiated up to and including the delivery of the award by the commissioners.

The facts stated by Mr. Wolfe in his affidavit, read in opposition to the confirmation of the report, being wholly uncontradicted, the same tended to make a case, not to say more, excusing his default in not being present at the several meetings held .by the commissioners, prior to the final one, which convened on the tenth of November.

His appearance on that day, and submitting to an examination, should not be received as conclusive and binding·upon him, as confirmatory of all prior proceedings had before the commissioners, and as placing him in a position that he cannot ask relief and be permitted to excuse his default in non-attendance upon the earlier and more important hearings had by the commissioners.

In the face of this affidavit and the statements therein contained, which the petitioner admits to be true, by not disputing the same, it would be exceedingly harsh and unjust to hold as a rule of law, that he is now in no position to ask a favor from the court of the nature and character of the one solicited.

The learned judge was in error in holding that the court had not the power and authority at Special Term, on a proper application, to excuse the land owner's default in presenting his proofs, and that it was the duty of the court, under the provisions of the seventeenth section of the general law, to confirm the report.

The provisions of that section were not intended to interfere with, or restrict the power of the court, in the exercise of its general jurisdiction, to relieve parties to the proceedings from defaults, mistakes and misapprehensions as to their rights and privileges, when timely and properly brought to the attention of the court.    This

court has power by virtue of its inherent jurisdiction, sitting either at Special or General Term, to set aside the report of commissioners for good and sufficient reasons, and on timely application, made according to the rules and practice of the court.

All discussion and controversy over this question of power and authority, in this court, was brought to an end by the decision of the Court of Appeals, *In the Matter of the Application of the New York Central and Hudson River Railroad Company*, to appraise certain lands, and reported in 64 New York, 60.

If, upon the presentation of the report of the commissioners for confirmation, as provided in the seventeenth section of the Railroad Act, it appears that the proceedings have been regularly conducted in all respects, and no question of that character is raised, but the opposition to the confirmation is placed upon the ground that errors were committed by the commissioners in the receipt and rejection of evidence, or in the amount of compensation awarded; then it is the usual practice of the court, and such is the spirit of the section, to confirm the report and allow questions of that nature and character to be litigated on appeal.

We are of opinion that it was good and orderly practice for the land owner to ask for such relief as he was entitled to, by way of securing a rehearing, on the application of the petitioner for a confirmation of the report.

So far as it is disclosed in this case, the first notice that the land owner had of the final action of the commissioners was on receiving notice of the application for a confirmation of their report.

The Special Term should have heard and disposed of the application for a rehearing upon its merits. That court had the power, if in its opinion a proper case was made, and it was error to deny the same for want of authority.

The order of confirmation is reversed, with leave to the petitioner to renew the motion for confirmation of report. Ten dollars costs and disbursements allowed the appellant.

HARDIN, J., concurred; SMITH, P. J., taking no part.

Order of confirmation reversed, with leave to the petitioner to renew its motion for confirmation at Special Term, with ten dollars costs and disbursements to the appellant.